# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 9, 2024

| | |
|---|---|
| A.B.,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | UNPUBLISHED<br><br>No. 17-243V<br><br>Special Master Dorsey<br><br>Motion for Redaction |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC, for Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR REDACTION**[1]

On July 30, 2024, Petitioner filed a motion to strike the undersigned's June 26, 2024 Ruling Regarding Petitioner's Lost Earnings Claim and re-file with redactions. Petitioner's Motion to Redact ("Pet. Mot."), filed July 31, 2024 (ECF No. 185). For the following reasons, Petitioner's motion is **GRANTED**.

## I. RELEVANT PROCEDURAL HISTORY

On February 21, 2017, A.B. ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. §

[1] Because this Order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

300aa-10 et seq. (2018).[2]  Petitioner alleged he suffered from Bell's palsy as the result of a hepatitis B vaccination he received on October 2, 2014.  Petition at 1 (ECF No. 1).  On September 20, 2021, the undersigned issued a Ruling on Entitlement, finding Petitioner entitled to compensation.  Ruling on Entitlement dated Sept. 20, 2021 (ECF No. 75).  On June 26, 2024, the undersigned issued a Ruling Regarding Petitioner's Lost Earnings Claim, finding Petitioner entitled to past lost wages from October 6 through October 17, 2014, but that Petitioner is not entitled to any other past or future loss of earnings.  Ruling Regarding Petitioner's Lost Earnings Claim dated June 26, 2024, at 39 (ECF No. 181).  On July 22, 2024, the ruling regarding lost earnings was publicly posted.  Public Ruling dated July 22, 2024 (ECF No. 182).

On July 30, 2024, Petitioner filed a motion to strike the undersigned's June 26, 2024 ruling regarding lost earnings and re-file with redactions.  Pet. Mot.  Petitioner acknowledges the failure to timely file the motion for redaction.  Id. at 1.  However, because the ruling "has been public for only one week[,] [i]t is highly likely that no one outside this Program has seen it at this time."  Id.  Petitioner argues redacting Petitioner's name "will have the effect of protecting [his] privacy."  Id.  Therefore, Petitioner requests the Court strike the public ruling and re-publish it with Petitioner's name redacted.  Id.

Respondent filed a response to Petitioner's motion on July 31, 2024.  Respondent's Response to Pet. Mot. ("Resp. Response"), filed July 31, 2024 (ECF No. 186).  Respondent notes that while Petitioner filed the subject motion as "Petitioner's Motion to Strike Ruling and Re-File with Redactions," Respondent interprets the motion as a "Motion to Redact Ruling."  Id. at 1 n.1.  Respondent points out that redactions to the ruling regarding lost wages were due July 10, 2024, but does not argue untimeliness is a reason for denying the motion.  Id. at 1 n.2.  Further, Respondent notes that Petitioner did not specify exactly what type of redaction he is seeking but assumes Petitioner is requesting his full name be redacted to initials.  Id.  Respondent states he "defers to the sound discretion of the Special Master to determine which remedy strikes the appropriate balance between the public and private interests in this instance."  Id. at 5.  Petitioner did not file a reply.

This matter is now ripe for adjudication.

## II.   DISCUSSION

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act.  See § 12(d)(4)(B).  That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy."  Id.  What constitutes a "clearly unwarranted invasion of privacy" requires balancing Petitioner's "right of privacy against the public purpose of the Vaccine Act."  W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013).  While a petitioner has an interest in keeping sensitive medical or other embarrassing information private,

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Order to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioner's names, which are not similarly protected automatically, may also be redacted if a petitioner establishes proper grounds for redaction. See R.V. v. Sec'y of Health & Hum. Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases, such as this, where a specialized showing is made.

The facts and circumstances of this case warrant redaction of Petitioner's name to initials. The undersigned's ruling regarding lost wages discusses personal and medical information not previously disclosed in the ruling on entitlement, including mental health, employment, and Social Security Disability determinations. Petitioner made an adequate showing for redaction as to protect his privacy. **Accordingly, Petitioner's motion for redaction of his name to initials in the Public Ruling Regarding Petitioner's Lost Earnings Claim is GRANTED.**

Thus, the public version of the Public Ruling Regarding Petitioner's Lost Earnings Claim shall be redacted to include only Petitioner's initials, A.B. The Clerk is directed to strike the unredacted public ruling (ECF No. 182).

Moreover, the undersigned further directs the clerk to amend the case caption[3] to the following:

| | |
|---|---|
| * * * * * * * * * * * * * * | * |
| A.B., | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |
| * * * * * * * * * * * * * * | * |

[3] If either party objects to the undersigned's redaction of the case caption, a motion requesting the undersigned to reconsider redaction of the case caption may be filed.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master